USDC SCAN INDEX SHEET

















LLS   8/17/98    7:59
3:98-CV-01500   UPPER DECK COMPANY V. HEADS AND TAILS INC
*1*
*CMP.*

ORIGINAL

1    HUGHES & NUNN
     A Partnership Including
2    A Professional Corporation        90 AUG 14 PM 2:20
       E. Kenneth Purviance (CA Bar #126206)
3    Bank of America Plaza
     450 "B" Street, Suite 2000
4    San Diego, California  92101                    DEPUTY
     (619) 231-1661                    BY:
5
     Attorneys for Plaintiffs The Upper Deck Company,
6    L.L.C. and Upper Deck Authenticated, Ltd.

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11   THE UPPER DECK COMPANY, L.L.C. and  )  CASE NO. '98 CV 1500 E LAB
     UPPER DECK AUTHENTICATED, LTD.,     )
12                                        )  COMPLAINT FOR PATENT
                    Plaintiffs,           )  INFRINGEMENT, BREACH OF
13                                        )  CONTRACT AND TRADE SECRET
     v.                                   )  MISAPPROPRIATION
14                                        )
     HEADS & TAILS, INC., d/b/a HIDDEN    )
15   AUTHENTICS; ANTHONY P. LOIACONO;     )
     PRO TOUR MEMORABILIA, L.L.C.;        )
16   JONATHAN BASS; GREEN DIAMOND         )
     SPORTS, INC.; JOHN HENRY WILLIAMS;   )
17   STEINER SPORTS MEMORABILIA, INC.;    )
     and BRANDON STEINER,                 )
18                                        )
                    Defendants.           )
19   _____ )

20

21

22

23

24

25

26

27

28



446/001/pcompl.

**COMPLAINT**

1
2      Plaintiffs The Upper Deck Company, L.L.C. ("Upper Deck") and

3 Upper Deck Authenticated, Ltd. ("UDA") for their Complaint against

4 defendants Heads & Tails, Inc., d/b/a Hidden Authentics ("Heads &

5 Tails"); Anthony P. Loiacono ("Loiacono"); Pro Tour Memorabilia,

6 L.L.C. ("Pro Tour"); Jonathan Bass ("Bass"); Green Diamond Sports,

7 Inc. ("Green Diamond"); John Henry Williams ("Williams"); Steiner

8 Sports Memorabilia ("Steiner Sports"); and Brandon Steiner

9 ("Steiner") allege as follows:

10

11                            **THE PARTIES**

12      1.    Plaintiff Upper Deck is a Delaware limited liability

13 company having its principal place of business located at 5909 Sea

14 Otter Place, Carlsbad, CA  92008-1989.

15      2.    Plaintiff UDA is a Nevada limited liability company

16 having its principal place of business located at 5909 Sea Otter

17 Place, Carlsbad, CA  92008-1989.

18      3.    Defendant Heads & Tails, d/b/a Hidden Authentics is a

19 California corporation having its principal place of business

20 located at 7212 Via Mariposa Sur, Bonsall, California  90223.

21      4.    Defendant Anthony P. Loiacono, a resident of California,

22 is the president and principal shareholder of defendant Heads &

23 Tails.

24      5.    Defendant Pro Tour purports to be a California limited

25 liability company having its principal place of business located

26 at 3380 Livonia Avenue, Los Angeles, California  90034.  Defendant

27 Jonathan Bass operates Pro Tour at the Livonia Avenue business

28 address.

*446/001/pcompl.*                       2

6.   Defendant Green Diamond is a Florida corporation having its principal place of business located at 2448 N. Essex Avenue, Hernando, Florida  34442.  Defendant Williams, a resident of Florida, is the president and principal shareholder of Green Diamond.

7.   Defendant Steiner Sports is a New York Corporation having its principal place of business located at 345 W. 37th Street, New York, New York  10018.  Defendant Steiner, a resident of New York, is the president and principal shareholder of Steiner Sports.

## JURISDICTION AND VENUE

8.   This is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. §271, et seq.  This Court has subject matter jurisdiction over the patent infringement aspect of this action under 28 U.S.C. §1338(a) and over the related state law claims under 28 U.S.C. §1367 which provides supplemental jurisdiction.

9.   The Court has personal jurisdiction over defendants Heads & Tails, Loiacono, Pro Tour and Jonathan Bass, which are located in, or who reside in California, and over Green Diamond, Williams, Steiner Sports, and Steiner, which have nationally advertised the accused products and have sold the accused products to customers residing in California.  Venue is proper under 28 U.S.C. §§1391(b) and (c) and 1400(b).

/ / / / /

/ / / / /

/ / / / /

**FIRST CLAIM FOR RELIEF:**

**PATENT INFRINGEMENT**

10.   On December 7, 1993, the United States Patent Office issued to Upper Deck U.S. Patent No. 5,267,756 entitled "Authentication System."  A copy of the '756 patent is attached as Exhibit "1".

11.   On January 10, 1995, the United States Patent Office issued to Upper Deck U.S. Patent No. 5,380,047 entitled "Authentication System."  A copy of the '047 patent is attached as Exhibit "2".

12.   Operating as the exclusive licensee under the '756 and '047 patents, UDA has manufactured, offered for sale and sold patented products covered by the claims of the '756 and '047 patents.  UDA has complied with the patent marking statute (35 U.S.C. §287) by marking the '756 and '047 patent numbers on patented products thereby providing constructive notice to the public of the asserted patent rights.

13.   Defendant Heads & Tails has made, used, offered to sell and sold products falling within the scope of the claims of the '047 patent and has thereby infringed the '047 patent.

14.   Defendant Loiacono has under 35 U.S.C. §271(a) directly infringed the '047 patent by making, using, offering to sell and selling products which infringe the claims of the '047 patent and has, in addition, actively aided and abetted infringement of the '0947 patent by defendant Heads & Tails and is thereby liable for inducing infringement of the '047 patent under 35 U.S.C. §271(b).

15.   Defendants Pro Tour, Bass, Green Diamond, Williams, Steiner Sports, and Steiner have directly infringed the '756 and

'047 patents by making, using, offering to sell and selling products which infringe the claims of those patents.

16.   The defendants have had both actual and constructive knowledge of the '756 and '047 patents before the present suit was filed and have willfully infringed those patents.

### SECOND CLAIM FOR RELIEF:

### BREACH OF CONFIDENTIAL INFORMATION AGREEMENT

17.   For a two year period commencing in January 1991 and extending through late 1992, defendant Loiacono served as a high level executive of Upper Deck holding the titles of Director of Marketing and Vice President Marketing.  On January 28, 1991, Mr. Loiacono, as an Upper Deck employee, executed a contract entitled "The Upper Deck Company Confidential Information Agreement." Among the many obligations undertaken pursuant to the terms of that contract, Mr. Loiacono agreed that he would neither use nor disclose company trade secrets, confidential knowledge or other proprietary information either during the term of his employment or thereafter.

18.   During the two year term of his employment with Upper Deck, Mr. Loiacono was directly involved in the design, creation, production, distribution and marketing of authenticated products and sports memorabilia of the type disclosed and claimed in the Upper Deck patents.

19.   On November 20, 1992, a date shortly after terminating his employment with Upper Deck, Mr. Loiacono formed California corporation Heads & Tails.  Mr. Loiacono and Heads & Tails subsequently created, developed, manufactured and distributed

1  authenticated products sold under the trademark HIDDEN AUTHENTICS

2  using confidential information acquired from both Upper Deck and

3  UDA.   The Hidden Authentics products replicate the patented

4  authenticated products sold by UDA and directly compete with UDA's

5  patented authenticated products.

6      20.   The defendants' activities represent a material breach

7  of the terms of Mr. Loiacono's confidentiality agreement described

8  above.   The plaintiffs have sustained damages as a result of that

9  breach.

10

11                   **THIRD CLAIM FOR RELIEF:**

12                 **TRADE SECRET MISAPPROPRIATION**

13      21.   Separate and apart from any contractual obligations to

14  Upper Deck, Mr. Loiacono had a duty enforceable under California

15  law not to disclose or use company trade secrets learned during

16  his employment or which he developed for the benefit of his

17  employer.

18      22.   In creating, developing, manufacturing and distributing

19  products essentially identical to those he was involved with while

20  employed by Upper Deck, Mr. Loiacono has disclosed the plaintiffs'

21  trade secrets to Heads & Tails and both defendants have used

22  plaintiffs' trade secrets.

23      23.   Plaintiffs have been damaged by the defendants'

24  misappropriation of their trade secret property rights.

25

26                     **RELIEF REQUESTED**

27  Plaintiffs request the following relief:

28      1.   A preliminary injunction prohibiting defendants'

1 continuing infringement of the '756 and '047 patents during the

2 pendency of this action.  35 U.S.C. §283.

3     2.    A permanent injunction, after adjudication on the

4 merits, prohibiting defendants' further infringement of the '756

5 and '047 patents.  35 U.S.C. §283.

6     3.    An award of damages based upon plaintiffs' lost

7 incremental profits accruing as a result of the defendants'

8 infringement of the '756 and '047 patents.  35 U.S.C. §284.

9     4.    An award of prejudgment interest on the patent

10 infringement damages, accruing from the date of defendants'

11 individual acts of infringement.  35 U.S.C. §284.

12     5.    An award of treble damages based upon defendants'

13 willful infringement.  35 U.S.C §284.

14     6.    Injunctive relief and damages based on Mr. Loiacono's

15 breach of his contractual obligations.

16     7.    Injunctive relief, actual damages and punitive damages

17 based on the misappropriation of the plaintiffs' trade secret

18 property rights by Mr. Loiacono and by Heads & Tails.

19     8.    Such additional relief as the Court deems appropriate.

20

21 DATED:  August /3, 1998       HUGHES & NUNN

22

23                       By: _____

24                         E. Kenneth Purviance

25                       Attorneys for Plaintiffs, The Upper

26                       Deck Company, L.L.C. and Upper Deck

                        Authenticated Ltd.

27

28

US005267756A

# United States Patent [19]

## Molee et al.

| [11] | Patent Number: | 5,267,756 |
|---|---|---|
| [45] | Date of Patent: | Dec. 7, 1993 |

[54] **AUTHENTICATION SYSTEM**

[75] Inventors: Warren F. Molee, Laguna Niguel; Stuart M. Ellis, Carlsbad, both of Calif.

[73] Assignee: The Upper Deck Company, Carlsbad, Calif.

[21] Appl. No.: 954,114

[22] Filed: Sep. 30, 1992

[51] Int. Cl.⁵ ................................. B42D 15/00
[52] U.S. Cl. ..................................... 283/86; 283/74
[58] Field of Search .................. 283/86, 67, 70, 74, 283/75, 79; 359/2

[56] **References Cited**

U.S. PATENT DOCUMENTS

5,128,779   7/1992   Mallik ........................ 283/86 X
5,145,212   9/1992   Mallik ........................ 359/2 X

FOREIGN PATENT DOCUMENTS

0403134   12/1990   European Pat. Off. .......... 283/86

Primary Examiner—Mark Rosenbaum
Assistant Examiner—Willmon Fridie, Jr.
Attorney, Agent, or Firm—Cahill, Sutton & Thomas

[57] **ABSTRACT**

An authentication system, method and article for memorabilia and other forms of articles wherein a hologram is affixed to the article with a tamper-proof adhesive. The hologram has thereon a unique code number. A certificate of authenticity is provided with the article and it includes a like or different hologram, but with a matching unique code number. A master record or list of the unique code number and related article to which the code number applies is maintained by an entity which also provides a registration "hotline." A purchaser of the article can register that article, and at any time in the future when the article is sold or otherwise transferred its authenticity can be verified through the registration hotline.

**11 Claims, 2 Drawing Sheets**





**U.S. Patent**          Dec. 7, 1993          Sheet 1 of 2          **5,267,756**



*FIG.1*



*FIG.2*



Fig. 3

Fig. 4

5,267,756

1

## AUTHENTICATION SYSTEM

The present invention relates to authentication systems, and more particularly to authentication systems and methods for articles, such as memorabilia.

### BACKGROUND OF THE INVENTION

There is a substantial market in and for memorabilia and other articles, such as autographed sports items like baseballs, footballs, jerseys, and other articles. Unfortunately, it is all too easy to counterfeit such articles. For example, the signature of a famous baseball player on a baseball can be duplicated and replicated on other baseballs, and it is very difficult if not virtually impossible to determine whether the subsequent article is genuine or not. A system or method whereby the authenticity of an article such as this could be easily verified would be useful but is not available today.

### SUMMARY OF THE INVENTION

Accordingly, an object of the present invention is to provide an authentication system or method for articles.

Another object of this invention is to provide an authentication system or method for memorabilia articles.

Another object of this invention is to provide a memorabilia article with verifiable authentication indicia.

A further object of this invention is to provide an improved certificate of authentication for an article.

Briefly, according to an exemplary embodiment of the present invention, an article is provided with a hologram which is affixed to the article with an adhesive so as to be tamper proof, and the hologram has thereon a unique code number. Accompanying the article is a certificate of authenticity with a like or different hologram but with a matching code number. A master record or list of the unique code number and related article to which the code number applies is maintained by an entity which also provides a registration "hotline". The customer who purchases the article can register the same by mail or telephone With the entity and, at any time in the future when the article is sold or otherwise transferred, its authenticity can be verified through the registration hotline.

### BRIEF DESCRIPTION OF DRAWINGS

These and other features, objects, and advantages of the present invention will become better understood through a consideration of the following description taken in conjunction with the drawings in which:

FIG. 1 is a drawing of an exemplary memorabilia item comprising a baseball having an authentication hologram and unique code number thereon according to the present invention;

FIGS. 2 and 3 show an exemplary certificate of authenticity for the item of FIG. 1; and

FIG. 4 is a flow diagram of an embodiment of the invention.

Turning now to the drawings, an exemplary memorabilia item in the form of a conventional baseball 10 is illustrated in FIG. 1. The baseball in this example has an autograph 12 thereon, such as the autograph of a famous baseball player. The entity which maintains the registration hotline, such as the assignee of the present application The Upper Deck Company, preferably will have the article, the baseball in this instance, signed in the presence of an employee of that entity as a witness

2

and so that the article, the person signing, and a unique code number for the article can be witnessed and entered into the entity's records.

A hologram 14 featuring a form of holographic image, trademark, logo or the like 15 is affixed with a conventional adhesive to the baseball 10 so as to be tamper proof. Furthermore, a unique product code number 16 (e.g., 18739 as shown, or an alpha numeric number) is imprinted on the hologram in a conventional manner. Through the use of a tamper proof hologram, the hologram 14 cannot be removed or copied without at least partially destroying the hologram. These tamper proof holograms are well known and comprise a hologram on a substrate with an overlying clear film. The hologram cannot be identically replicated, and the code number is printed on the surface of the film so that attempted removal of the hologram will result in removal of the film. The code number is unique and is not used again for another article.

A certificate of authenticity 20 as shown in FIGS. 2 and 3 having front and back sides 21 and 22 accompanies the memorabilia article, the baseball 10 in this instance. This certificate on one side 21 bears a hologram 24 with an image, logo or the like 25 which may be identical to or different from the image 15 of the hologram 14 on the ball 10 ad which also is tamper proof. However, the hologram 24 bears an identical product code number 26 (e.g., 18739) to that on the hologram 14 of the baseball 10. Preferably the holograms 14 and 24 have a similar shape. Every memorabilia article has a different unique code number (even if these articles comprise identical baseballs with original signatures of the same star). The front side 21 preferably has a suitable statement 23 about the authenticity of the article. The back side 22 of the certificate of authenticity can have any suitable identification, wording, logo or the like, such as that shown.

The memorabilia article and certificate are packed together, in this case the baseball 10 and certificate 20. Further, the product code number (e.g., 18739) is recorded at the registration entity, in this instance for example, as "Baseball, hand-signed by Reggie Jackson in Sep. 1992." The product comprising the baseball 10 and certificate 20 then is shipped to the customer. The customer, John Doe, can contact the registration hotline by mail or telephone (preferably an 800 number) to register the ball code number in the name of the customer. Subsequently, if that customer decides to sell the ball to another party, that other party can telephone or write to the registration hotline to confirm what item No. 18739 is and its authenticity. Then the registration hotline operator checks the listing or database of numbers and memorabilia items and confirms that item No. 18739 is a "Baseball, hand-signed by Reggie Jackson in Sep. 1992."

FIG. 4 is a simplified flow diagram illustrating the memorabilia item 10 in the form of a baseball signed by Mickey Mantle and with a hologram 14 with a unique code number UDA12345. This Figure also illustrates the associated certificate of authenticity 20 bearing a like or different hologram 24 but with an identical code number UDA12345. Furthermore, this Figure illustrates the database or list of code numbers and the identity or descriptions of the associated item as illustrated at 30 on a computer display. As described above, the customer or owner 31 upon purchasing the memorabilia item 10 may at any time check the authenticity of a

5,267,756

3

memorabilia item 10 via the database or list 30 at the hotline.

Accordingly, the present system and method provides articles with a hologram and unique number, along with a certificate bearing a hologram and like unique number, to enable a customer to verify the authenticity of the article in a simple and efficient manner.

While embodiments of the present invention have been shown and described, various modifications may be made without departing from the scope of the present invention, and all such modifications and equivalents are intended to be covered.

What is claimed is:

1. An authentication system for an article comprising an article for which authentication may be desired,
   a halogram affixed to the article with an adhesive to be tamper proof, the hologram having imprinted thereon a unique code number,
   a certificate of authenticity for the article, and including thereon a hologram with an identical unique code number, and
   a list of unique code numbers with a statement of the respective products to which each unique code number applies.

2. A system as in claim 1 wherein the hologram on the article and the hologram on the certificate of authenticity have images which are identical.

3. A system as in claim 1 wherein the hologram on the article and the hologram on the certificate of authenticity bear different hologram images.

4. A system as in claim 1 wherein the list of unique code numbers is accessible by an owner of the article to enable the owner to verify the authenticity of the article through the unique code number.

5. A system as in claim 1 wherein the article has thereon an autograph.

4

6. A system as in claim 5 wherein the article is a baseball.

7. A system as in claim 1 wherein the hologram comprises a holographic image on a substrate with an overlying clear thin film and the code number is imprinted on the outer surface of the film.

8. An authentication system for an article comprising the steps of:
   providing an article for which authentication may be desired,
   affixing to the article a hologram with an adhesive so as to be tamper proof,
   providing on the hologram a unique code number,
   providing a certificate of authenticity for the article and including thereon a hologram with an identical unique code number, and
   providing a list of unique code numbers with a statement of the respective products to which each of the unique code numbers applies, and providing in the list the unique code number for the article and a brief description of that article.

9. A method as in claim 8 wherein the brief description identifies the article and a feature of the article for which authentication may be desired.

10. A method as in claim 9 wherein the feature is an autograph of a sports personality.

11. In an authentication system for enabling authentication of a product and wherein a list of unique code numbers associated with respective described products is provided, and wherein a certificate of authenticity is provided with the product and with a hologram bearing a unique code number associated with that product, the product comprising an article having at least one unique feature, and having a hologram affixed to the article with an adhesive so as to be tamper proof, and the hologram having imprinted thereon a unique code number, and the unique code number and a brief description of the article being stated in the list.

* * * * *

US005380047A

# United States Patent [19]

## Molee et al.

[11]   Patent Number:   **5,380,047**

[45]   Date of Patent:   * Jan. 10, 1995

[54] **AUTHENTICATION SYSTEM**

[75] Inventors: **Warren F. Molee**, Laguna Niguel; **Stuart M. Ellis**, Carlsbad, both of Calif.

[73] Assignee: **The Upper Deck Company**, Carlsbad, Calif.

[ * ] Notice: The portion of the term of this patent subsequent to Dec. 7, 2010 has been disclaimed.

[21] Appl. No.: **78,735**

[22] Filed: **Jun. 16, 1993**

### Related U.S. Application Data

[63] Continuation-in-part of Ser. No. 954,114, Sep. 30, 1992, Pat. No. 5,267,756.

[51] Int. Cl.$^6$ ............................................. B42D 15/00
[52] U.S. Cl. ......................................... 283/86; 283/74
[58] Field of Search ...................... 283/86, 74, 67, 70, 283/75, 79; 359/2

[56] **References Cited**

#### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 5,128,779 | 7/1992 | Mallik | ............................. 283/86 X |
| 5,145,212 | 9/1992 | Mallik | ............................. 359/2 X |

*Primary Examiner*—Willmon Fridie
*Attorney, Agent, or Firm*—Cahill, Sutton & Thomas

[57] **ABSTRACT**

An authentication system, method and article for memorabilia and other forms of articles wherein a first image-bearing medium is affixed to the article with a tamper-proof adhesive. A unique code number is imprinted on the medium. A certificate of authenticity is provided for the article and includes a second image-bearing medium with an identical unique code number. A list of unique code numbers is maintained to enable a purchaser of the article to register that article such that the purchaser or a subsequent purchaser can verify the authenticity of the authenticated article.

**20 Claims, 2 Drawing Sheets**





**U.S. Patent**        Jan. 10, 1995        Sheet 1 of 2        5,380,047



FIG. 1



Upper Deck Authenticated hopes that you will enjoy this commemorative hand-signed collectable. The identification number below has been recorded at our offices and corresponds to the holographic marking on the actual item. Through this process, Upper Deck Authenticated guarantees the authenticity this specific product and player signature.

JOE PLAYER

MICHEAL LAZARR

FIG. 2



FIG. 3

FIG. 4

5,380,047

1

## AUTHENTICATION SYSTEM

This is a continuation-in-part of U.S. patent application Ser. No. 07/954,114, filed on Sep. 30, 1992 now U.S. Pat. No. 5,267,756 and entitled "AUTHENTICATION SYSTEM."

## BACKGROUND OF THE INVENTION

### 1. Field of the Invention

The present invention relates to authentication systems, and more particularly to authentication systems and methods for articles, such as memorabilia.

### 2. Description of the Prior Art

There is a substantial market in and for memorabilia and other articles, such as autographed sports items like baseballs, footballs, jerseys, and other articles. Unfortunately, it is all too easy to counterfeit such articles. For example, the signature of a famous baseball player on a baseball can be duplicated and replicated on other baseballs, and it is very difficult if not virtually impossible to determine whether the subsequent article is genuine or not. A system or method whereby the authenticity of an article such as this could be easily verified would be useful but is not available today.

## SUMMARY OF THE INVENTION

Accordingly, an object of the present invention is to provide an authentication system or method for articles.

Another object of this invention is to provide an authentication system or method for memorabilia articles.

Another object of this invention is to provide a memorabilia article with verifiable authentication indicia.

A further object of this invention is to provide an improved certificate of authentication for an article.

Briefly, according to an exemplary embodiment of the present invention, an article is provided with an image-bearing medium which is affixed to the article with an adhesive so as to be tamper proof, and the medium having thereon a unique code number. Accompanying the article is a certificate of authenticity with a like or different image-bearing medium but with a matching code number. A master record or list of the unique code number and related article to which the code number applies is maintained by an entity which also provides a registration "hotline." The customer who purchases the article can register the same by mail or telephone with the entity and, at any time in the future when the article is sold or otherwise transferred, its authenticity can be verified through the registration hotline.

## DESCRIPTION OF THE DRAWINGS

These and other features, objects and advantages of the present invention will become better understood through a consideration of the following description taken on conjunction with the drawings in which:

FIG. 1 is a drawing of an exemplary memorabilia item comprising a baseball having an authentication hologram and unique code number thereon according to the present invention.

FIGS. 2 and 3 show an exemplary certificate of authenticity for the item of FIG. 1; and

FIG. 4 is a flow diagram of an embodiment of the invention.

Turning now to the drawings, an exemplary memorabilia item in the form of a conventional baseball 10 is

2

illustrated in FIG. 1. The baseball in this example has an autograph 12 thereon, such as the autograph of a famous baseball player. The entity which maintains the registration hotline, such as the assignee of the present application, The Upper Deck Company, preferably will have the article, the baseball in this instance, signed in the presence of an employee of that entity as a witness and so that the article, the person signing and a unique code number for the article can be witnessed and entered into the entity's records.

A hologram 14 featuring a form of holographic image, trademark, logo or the like 15 is affixed with a conventional adhesive to the baseball 10 so as to be tamper proof. Furthermore, a unique product code number 16 (e.g., 18739 as shown, or an alpha numeric number) is imprinted on the hologram in a conventional manner. Through the use of a tamper proof hologram, the hologram 14 cannot be removed or copied without at least partially destroying the hologram. These tamper proof holograms are well known and comprise a hologram on a substrate with an overlying clear film. The hologram cannot be identically replicated, and the code number is printed on the surface of the film so that attempted removal of the hologram will result in removal of the film. The code number is unique and is not used again for another article.

A certificate of authenticity 20 as shown in FIGS. 2 and 3 having front and back sides 21 and 22 accompanies the memorabilia article, the baseball 10 in this instance. This certificate on one side 21 bears a hologram 24 with an image, logo or the like 25 which may be identical to or different from the image 15 of the hologram 14 on the ball 10 and which also is tamper proof. However the hologram 24 bears an identical product code number 26 (e.g., 18739) to that on the hologram 14 of the baseball 10. Preferably, the hologram 14 and 24 have a similar shape. Every memorabilia article has a different unique code number (even if these articles comprise identical baseballs with original signatures of the same star). The front side 21 preferably has a suitable statement 23 about the authenticity of the article. The back side 22 of the certificate of authenticity can have any suitable identification, wording, logo or the like, such as that shown.

The memorabilia article and certificate are packed together, in this case the baseball 10 and certificate 20. Further, the product code number 26 (e.g., 18739) is recorded at the registration entity, in this instance, for example, as "Baseball, hand-signed by Reggie Jackson in September 1992." The product comprising the baseball 10 and certificate 20 then is shipped to the customer. The customer, John Doe, can contact the registration hotline by mail or telephone (preferably an 800 number) to register the ball code number in the name of the customer. Subsequently, if that customer decides to sell the ball to another party, that other party can telephone or write to the registration hotline to confirm what item No. 18739 is and its authenticity. Then the registration hotline operator checks the listing or database of numbers and memorabilia items and confirms that item No. 18739 is a "Baseball, hand-signed by Reggie Jackson in September 1992."

FIG. 4 is a simplified flow diagram illustrating the memorabilia item 10 in the form of a baseball signed by Mickey Mantle and with a hologram 14 with a unique code number UDA12345. This Figure also illustrates the associated certificate of authenticity 20 bearing a like or different hologram 24 but with an identical code

5,380,047

3                                                          4

number UDA12345. Such code numbers could also take the form of alphabetical code symbols, Roman numerals or other abstract symbols. Furthermore, this Figure illustrates the database or list of code numbers and the identity or descriptions of the associated item as illustrated at database 30 on a computer display. As described above, the customer or owner 31 upon purchasing the memorabilia item 10 may at any time check the authenticity of a memorabilia item 10 via the database or list 30 at the hotline.

Accordingly, the present system and method provides articles with a hologram and unique number, along with a certificate bearing a hologram and like unique number, to enable a customer to verify the authenticity of the article in a simple and efficient manner.

Although the preferred embodiment of the invention described above used a security device in the form of a hologram, a variety of equally useful, alternative security devices could readily be adapted for use in connection with the present invention. For example, rather than using an image-bearing medium in the form of a hologram, one could use other forms of image-bearing media including either mechanically or optically generated diffraction gratings which can be fabricated to include various two dimensional patterns, images or forms.

Depending on the degree of security required, other less secure forms of image-bearing media could function equally well with the present invention. For example, a specially created, unique, art work image created by any optical or mechanical means, whether embodying light diffractive characteristics or not, may in certain applications provide a suitable, although lower level of security which may be adequate in certain applications for lower priced goods. For optimum security, an image-bearing media capable of diffracting light such as diffraction gratings or holograms, will always provide the highest level of security and will typically be used in connection with high value items for which the authentication system of the present invention was primarily designed.

Existing products incorporating light diffracting media such as diffraction gratings and holograms are commercially available in the form of either multi-layer hot stamping foils or pressure sensitive composite materials. The hot stamping foils include a heat-activated adhesive for bonding the appropriate layer of the hot stamping foil to the exposed surface of the item to be authenticated. The pressure sensitive materials include a pressure sensitive adhesive for permanently bonding the material to a substrate. The pressure sensitive adhesive is covered by release paper prior to application.

The term "tamper proof" when used in connection with the image-bearing media of the present invention is defined to mean a medium having an image which will either be damaged or destroyed in response to attempted tampering, alteration or removal. Such damage frequently takes the form of delamination of the vacuum deposited reflective metal layer typically forming a part of pressure sensitive materials or of hot stamping foils which include images formed by diffractive patterns or, alternatively, damage in the form of delamination of the film or thermoplastic layers from the adhesive coated carrier backing in response to attempts to remove the image-bearing media from the surface to which it is bonded.

Although the items to be authenticated have been described in terms of basketballs, baseballs, baseball bats

and gloves, the authentication system of the present system is equally well adapted for use in connection with the authentication of sports apparel including football or hockey helmets or fabric materials including jerseys, jackets, coats, uniforms and related materials.

When an image-bearing medium according to the present invention is affixed to a fabric material, it will typically be permanently affixed to such material by a heat-activated adhesive or an equivalent material such that attempted removal of the authenticating image-bearing medium will result either in destruction of the underlying fabric material, destruction of the image-bearing media itself or destruction of both elements.

As shown and described in connection with FIG. 2, in one embodiment of the authentication system of the present invention, the unique code number can be imprinted directly on the image-bearing media. In another embodiment of the invention, the unique code number, rather than being imprinted directly onto the image-bearing medium as illustrated in FIG. 2, could equally well be imprinted on the certificate in proximity to, but offset from, the image-bearing media.

In another embodiment of the invention, the image-bearing medium affixed to the article to be authenticated could be entirely different in form and appearance from the image-bearing medium affixed to the certificate of authenticity. For example, a hologram having a first image could serve as the image-bearing medium for the article to be authenticated while a two-dimensional diffraction grating depicting an entirely different image could be affixed to the certificate of authenticity. The serial number of both image-bearing media would be identical.

One particular method of implementing the necessary tamper proof aspect of the present invention is to utilize an adhesive which permanently bonds the image-bearing medium to the item to be authenticated or to the certificate of authenticity. The permanency of the bond is achieved by using an adhesive having a shear strength which exceeds the shear strength of the image-bearing medium.

It will be apparent to those skilled in the art that the authentication system of the present invention may be modified in numerous ways and may assume many embodiments other than the preferred forms specifically set out and described above. Accordingly, it is intended by the appended claims to cover all such modifications of the invention which fall within the broad scope of the invention disclosed above.

We claim:

1. An authentication system for an article comprising:
   a. an article for which authentication is desired;
   b. a first image-bearing medium affixed to the article with an adhesive to be tamper proof, the medium having imprinted thereon a unique code number;
   c. a certificate of authenticity for the article, and including thereon a second image-bearing medium with an identical unique code number; and
   d. a list of unique code numbers with a statement of the respective product to which each unique code number applies.

2. The system of claim 1 wherein the first and second image-bearing media each include a light diffracting pattern.

3. The system of claim 2 wherein at least one of the light diffracting patterns includes a hologram.

5,380,047

| 5 | 6 |

4. The system of claim 2 wherein the light diffracting pattern includes an optically generated diffraction pattern.

5. The system of claim 2 wherein the light diffracting pattern includes a mechanically generated diffraction pattern.

6. The system of claims 1 or 2 wherein the image of the first image-bearing medium and the image of the second image-bearing medium are identical.

7. The system of claims 1 or 2 wherein the image of the first image-bearing medium and the image of the second image-bearing medium are different.

8. The system of claim 1 wherein the list of unique code numbers is accessible by a purchaser of the article to enable the purchaser to verify the authenticity of the article through the unique code number.

9. The system of claim 1 wherein the article includes an autograph.

10. The system of claim 9 wherein the article is a baseball.

11. The system of claim 1 wherein the first image-bearing medium includes a holographic image on a substrate with an overlying clear thin film with an outer layer and the unique code number is imprinted on the outer surface of the film.

12. An authentication method for an article comprising the steps of:

  a. providing an article for which authentication is desired;

  b. affixing to the article a first image-bearing medium with an adhesive so as to be tamper proof;

  c. providing on the first image-bearing medium a unique code number;

  d. providing a certificate of authenticity for the article and including thereon a second image-bearing medium with an identical unique code number; and

  e. providing a list of unique code numbers with a statement of the respective products to which each of the unique code numbers apply, and providing in the list the unique code number for the article and a brief description of that article.

13. The method of claim 12 wherein the first and second image-bearing media include light diffracting patterns.

14. The method of claim 13 wherein either the first or the second image-bearing medium includes a hologram.

15. The method of claim 14 wherein the brief description identifies the article and a feature of the article for which authentication is desired.

16. The method of claim 15 wherein the feature is an autograph of a sports personality.

17. In an authentication system for enabling an article to be authenticated, wherein a certificate of authenticity is provided with each product and a list of unique code numbers describing each article and the associated code number, each article having at least one unique feature, such as a person's autograph, and having a first image-bearing medium affixed to the article with an adhesive so as to be tamper proof, the first image-bearing medium having imprinted thereon a unique code number and the unique code number and a brief description of the article being stated in the list, the corresponding certificate of authenticity including a second image-bearing medium having the same unique code number as the unique code number associated with the article.

18. The system of claim 17 wherein the first and second image-bearing media include light diffracting patterns.

19. The system of claim 18 wherein at least one of the image-bearing media includes a hologram.

20. The system of claim 19 wherein the unique feature includes an autograph.

* * * * *

40

45

50

55

60

65

AO 120 (3/85)

| TO: | REPORT ON THE |
| **Commissioner of Patents and Trademarks**<br>**Washington, D.C. 20231** | **FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT** |

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised
that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO.<br>98cv1500E(LAB) | DATE FILED<br>8/14/98 | U.S. DISTRICT COURT<br>United States District Court, Southern District of California |
| --- | --- | --- |
| PLAINTIFF<br>Upper Deck Company | | DEFENDANT<br>Heads & Tails, Inc |

| PATENT NO. | DATE OF PATENT | PATENTEE |
| --- | --- | --- |
| 1 5,267,756 | Dec. 7,1993 | Assignee: The Upper Deck Company |
| 2 5,380,047 | Jan. 10, 1995 | Assignee: The Upper Deck Company |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | |
| --- | --- | --- |
| PATENT NO. | DATE OF PATENT | PATENTEE |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT | | |
| --- | --- | --- |
| | | |
| CLERK | (BY) DEPUTY CLERK | DATE |

Copy 1 - Upon initiation of action, mail this copy to Commissioner   Copy 3 - Upon termination of action, mail this copy to Commissioner
Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner   Copy 4 - Case file copy

AO 120 (3/85)

| TO:<br><br>**Commissioner of Patents and Trademarks**<br>**Washington, D.C. 20231** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT** |
|---|---|

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised
that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO.<br>98cv1500E(LAB) | DATE FILED<br>8/14/98 | U.S. DISTRICT COURT<br>United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF<br><br>Upper Deck Company | | DEFENDANT<br><br>Heads & Tails, Inc |

| PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|
| 1 5,267,756 | Dec. 7,1993 | Assignee: The Upper Deck Company |
| 2 5,380,047 | Jan. 10, 1995 | Assignee: The Upper Deck Company |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading | | |
|---|---|---|---|
| PATENT NO. | DATE OF PATENT | PATENTEE | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1 - Upon initiation of action, mail this copy to Commissioner   Copy 3 - Upon termination of action, mail this copy to Commissioner
Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner   Copy 4 - Case file copy

AO 120 (3/85)

| TO:<br><br>**Commissioner of Patents and Trademarks**<br>**Washington, D.C. 20231** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT** |
|---|---|

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised
that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO.<br><br>98cv1500E(LAB) | DATE FILED<br><br>8/14/98 | U.S. DISTRICT COURT<br><br>United States District Court, Southern District of California | | |
|---|---|---|---|---|
| PLAINTIFF<br><br>Upper Deck Company | | DEFENDANT<br><br>Heads & Tails, Inc | | |
| **PATENT NO.** | **DATE OF PATENT** | **PATENTEE** | | |
| 1 5,267,756 | Dec. 7,1993 | Assignee: The Upper Deck Company | | |
| 2 5,380,047 | Jan. 10, 1995 | Assignee: The Upper Deck Company | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading | | |
|---|---|---|---|
| **PATENT NO.** | **DATE OF PATENT** | **PATENTEE** | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT | | |
|---|---|---|
| | | |
| CLERK | (BY) DEPUTY CLERK | DATE |

Copy 1 - Upon initiation of action, mail this copy to Commissioner   Copy 3 - Upon termination of action, mail this copy to Commissioner
Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner   Copy 4 - Case file copy

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

THE UPPER DECK COMPANY, L.L.C. and
UPPER CECK AUTHENTICATED, LTD.

## DEFENDANTS

98 AUG 14 PH 2: 19

HEADS & TAILS, INC., d/b/a HIDDEN AUTHENTICS;
ANTHONY P. LOIACONO; PRO TOUR MEMORABILIA, L.L.C.;
JONATHAN BASS; GREEN DIAMOND SPORTS, INC.; JOHN
HENRY WILLIAMS; STEINER SPORTS MEMORABILIA, INC.;
and BRANDON STEINER,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___San Diego___
(EXCEPT IN U.S. PLAINTIFF CASES)

SAN DIEGO COUNTY

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

E. Kenneth Purviance, Esq.
HUGHES AND NUNN
450 "B" Street, Suite 2000
San Diego, CA  92101
(619) 231-1661

ATTORNEYS (IF KNOWN)

'98 CV 1500 E   LAB

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of
Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

35 U.S.C. §271, et seq. - Patent Infringement

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ Injunctive Relief; Damages; Interest

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE  8-13-98

SIGNATURE OF ATTORNEY OF RECORD
Ken Purviance

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney or record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8 (a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**V. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.